IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
<u>DALLAS DIVISION</u>

| | | |
|---|---|---|
| LAW OFFICES OF BEN C. MARTIN, LLP, and BEN C. MARTIN, Individually, | § § § § | |
| Plaintiffs, | § § § § | |
| Vs. | § § § § § | CIVIL ACTION NO. 3-06 CV 1440-B |
| DENNIS C. SWEET III, PA AND ASSOCIATES, SWEET AND FREESE, PLLC, DENNIS C. SWEET, III, individually, THE FREESE LAW FIRM, P.C., RICHARD FREESE, individually. | § § § § § § § § | |
| Defendants. | § | |

<u>**PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE OF SAID COURT:**

**COME NOW, LAW OFFICES OF BEN C. MARTIN, LLP, AND BEN C. MARTIN,** individually, **PLAINTIFFS,** and files this Second Amended Original Complaint, Jury Demand, and Application for Declaratory Relief pursuant to § 37.004 of the Civil Practice & Remedies Code complaining of Dennis C. Sweet III, PA and Associates, Sweet and Freese, PLLC, Dennis C. Sweet, III, individually, The Freese Law Firm, P.C., Richard Freese, individually, (collectively, "Defendants") and for cause of action would respectfully show this Court and jury unto the following:

## I. Subject Matter Jurisdiction, Personal Jurisdiction, and Venue

1.  This Court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332 (a); U.S. CONST. ART. 3, § 2. Ben C. Martin and the Law Office of Ben C. Martin, L.L.P. ("Plaintiff" and "Martin" interchangeably) are citizens of the State of Texas. The Defendants are citizens of the States of Mississippi and Alabama, respectively. (*See* § II Parties *infra* at pgs. 3-5, ¶¶ 6-10). No Defendant is a citizen of the State of Texas. *See id.* The amount in controversy exceeds $75,000.00, excluding attorneys' fees and costs.

2.  This Court has personal jurisdiction over Defendants because they do business in Texas, recruit employees in Texas, engage in contracts in Texas, and/or have committed a tort in Texas, and/or breached a contract in Texas within the meaning of the Texas long arm statute as codified in § 17.042 of the Texas Civil Practice & Remedies Code. The Defendants have minimum contacts with the State of Texas and exercising personal jurisdiction over the Defendants would not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

3.  Venue is appropriate in the Northern District of Texas, Dallas Division, because a contract was executed and/or performed in whole or in part in this jurisdiction. Moreover, a substantial portion of the acts and/or omissions in tort and in contract occurred in this jurisdiction. *See* 28 U.S.C. § 1391 (a) (2). Pleading further there is a "substantial connection" between this United States District Court and the acts and/or omissions that occurred in this jurisdiction. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003); *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992); *Uffner v. La Reunion Francaise*, 244 F.3d 38, 42 (1st Cir. 2001).

## II.   Parties

4.   Plaintiff, Ben C. Martin, is a duly licensed Texas attorney and citizen of the State of Texas, and may be reached only through the undersigned attorney of record, Brian P. Lauten, c/o The Lauten Firm, 2626 Cole Avenue, Suite 150, Dallas, Texas, 75204.

5.   Plaintiff, Law Offices of Ben C. Martin, LLP, is a Texas Limited Liability Partnership and a citizen of the State of Texas, and may be reached only through the undersigned attorney of record, Brian P. Lauten, c/o The Lauten Firm, 2626 Cole Avenue, Suite 150, Dallas, Texas, 75204.

6.   Defendant, Dennis C. Sweet III, PA and Associates, is a Professional Corporation doing business in the State of Mississippi and may be served pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, as the Texas Secretary of State is an agent for service of process for this non-resident Defendant who has engaged in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process since these causes of action arise out of business done in this state and to which this non-resident is a party. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 the Texas Secretary of State shall immediately mail a copy of the process and summons to Defendant Dennis C. Sweet, III, PA and Associates, c/o its registered agent, Dennis C. Sweet, III, 200 South Lamar Street, Suite 200, North Tower, Jackson, Mississippi, 39201.

7.   Defendant, Sweet and Freese, PLLC, is a Mississippi Professional Limited Liability Company incorporated in the State of Mississippi and may be served pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, as the Texas Secretary of State is an agent for service of process for this non-resident Defendant who has engaged in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process since these

causes of action arise out of business done in this state and to which this non-resident is a party. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 the Texas Secretary of State shall immediately mail a copy of the process and summons to Defendant Sweet and Freese, PLLC, 200 South Lamar Street, Suite 200, North Tower, Jackson, Mississippi, 39201.

8. Defendant, Dennis C. Sweet, III, is an individual and citizen of the State of Mississippi and may be served pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, as the Texas Secretary of State is an agent for service of process for this non-resident Defendant who has engaged in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process since these causes of action arise out of business done in this state and to which this non-resident is a party. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 the Texas Secretary of State shall immediately mail a copy of the process and summons to Defendant Dennis C. Sweet, III, 200 South Lamar Street, Suite 200, North Tower, Jackson, Mississippi, 39201.

9. Defendant, The Freese Law Firm, P.C., is a Professional Corporation incorporated in the State of Alabama and may be served pursuant to TEX. CIV. PRAC. & REM. CODE §17.044, as the Texas Secretary of State is an agent for service of process for this non-resident Defendant who has engaged in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process since these causes of action arise out of business done in this state and to which this non-resident is a party. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 the Texas Secretary of State shall immediately mail a copy of the process and summons to Defendant The Freese Law Firm, P.C., c/o Richard A. Freese, Suite 240, The Morgan Center, 2900 Highway 280 South, Birmingham, Alabama, 35223.

10. Defendant, Richard Freese, is an individual and citizen of the State of Alabama and may be served pursuant to TEX. CIV. PRAC. & REM. CODE § 17.044, as the Texas Secretary of State is an agent for service of process for this non-resident Defendant who has engaged in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process since these causes of action arise out of business done in this state and to which this non-resident is a party. Accordingly, pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045 the Texas Secretary of State shall immediately mail a copy of the process and summons to Defendant Richard A. Freese, Suite 240, The Morgan Center, 2900 Highway 280 South, Birmingham, Alabama, 35223.

### III.    Respondeat Superior/Agency

11. Whenever in this complaint it is alleged that any Defendant(s) did or failed to do any particular act and/or omission, it is meant that Defendant(s), acting individually, or by and through its agents, officers, directors, servants, and employees, either did or failed to do that particular act and/or omission, in the course and scope of his employment, agency, or contract with Defendant(s), and in the furtherance of Defendants' businesses. It is further alleged that any individual Defendant(s) named herein were an agent acting in the course and scope of his agency during the transaction that is the subject of this case with the actual and apparent authority of its principal.

### IV.    Facts Applicable to all Causes of Action

12. This dispute centers upon the improper allocation of attorneys' fees from a successful verdict and settlement of a wrongful death case. In approximately February 2005, Martin was retained by Defendants to assist in the prosecution of *Reitha Sanders, Individually and on Behalf of the Wrongful Death Beneficiaries of Ersel Allen v. William A. Causey, M.D., Hospice*

5

*Ministries, Inc., et al.,* Cause No. 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CIV, filed in the Circuit Court of the First Judicial District of Hinds County, Jackson Mississippi (hereinafter, "Dilaudid litigation"). Dilaudid, a narcotic analgesic, is prescribed by physicians for the relief of moderate to severe pain caused by, *inter alia*, cancer, burns, and heart attacks. In cases of over dosage, death can occur. Martin is a Dallas attorney with specialized expertise in handling wrongful death claims, secondary to Dilaudid overdoses.

13. Attorneys Richard Freese ("Freese") and Dennis Sweet, III ("Sweet") represent a decedent's family in a Dilaudid overdose case that is pending in State Court in Jackson, Mississippi, as captioned above. The Dilaudid litigation has been tried to verdict, but a judgment has not yet been entered in that case. Prior to trial, Freese came to Dallas and while in Dallas visited Martin in his office. Freese asked Martin to evaluate the decedent's drug screen, which outlined the drug levels found post mortem. Martin was told some other facts thought to exist surrounding the death of the decedent. It was thought by Martin that the decedent succumbed as a result of excessive amounts of Dilaudid having been administered to her. The records also suggest that the decedent, a 66 year old woman at the time, had been diagnosed with pancreatic cancer. The decedent's physician had prescribed Dilaudid to treat the pain. An autopsy determined that the cause of death was a Dilaudid overdose. A post mortem examination also showed that the decedent never had pancreatic cancer.

14. Martin relayed his auspicious mental impressions of the case to Freese. Defendant Freese then contacted Sweet, the lead lawyer in the Dilaudid litigation. Martin discussed his analysis with both Defendants. It was obvious that the Defendants were less than experienced when it came to drug litigation, and particularly Dilaudid. Freese and Sweet were unacquainted with nomenclature such as "half life," "onset of effect," and "duration of effect." Neither Freese nor

Sweet was familiar with the significance of the amount of Dilaudid found post mortem (6900 nanograms per milliliter) and the manner in which this specific drug is metabolized. Sweet asked Martin if he was interested in assisting them in the Dilaudid litigation. Martin accepted. Sweet stated that Martin would be paid 10% of the *total recovery* and Defendants would assume all litigation expenses. The agreement was later reduced to writing as evidenced by electronic mail sent from Martin to Sweet.

15. Defendants forwarded relevant portions of the file to Martin's office. Martin thereafter became involved in preparing the case for trial. Martin traveled to the District of Columbia to depose one of the two experts retained on behalf of Plaintiffs. That deposition was played at trial. Martin hired noted expert, James Garriott, Ph.D. ("Dr. Garriott"), a respected authority in the field of opiates, overdose, and blood pathology. Despite the agreement of the parties, Dr. Garriott was not paid by the Defendants. Dr. Garriott contacted Martin and indicated that he was withdrawing from the case because his invoice remained outstanding. Martin contacted Dr. Garriott and personally guaranteed payment, as he was a crucial liability witness. Dr. Garriott would not have attended the trial absent Martin's personal appearance and guarantee. Dr. Garriott arrived in Jackson, Mississippi, the day before he was to appear as a live witness in the Dilaudid litigation. At that time, Dr. Garriott was reimbursed for his unpaid time. Martin took the lead role in preparing Dr. Garriott for his trial testimony. Martin also examined Dr. Garriot at trial.

16. Martin would later discover that the Defendants received the Dilaudid case from a referring lawyer, Dan Marrs ("Marrs"). Marrs was oblivious to Martin's involvement in the case until the trial began. Almost immediately after the verdict, Freese told Marrs that he (Marrs) would be personally responsible for Martin's attorneys' fees. Marrs objected, indicating he

would only pay his pro-rata share. Prior to the case being submitted to the jury, settlement was reached with Hospice Industries, Inc. ("Hospice") for an undisclosed sum. Martin received only $20,000.00, which is far less than he is owed. Martin was also issued a check for $4,692.03, which was presumably a reimbursement for some of Martin's expenses. However, Martin's expenses were actually over $6,000.00. As such, Defendants owe Martin attorneys' fees and costs that exceed the Court's jurisdictional requirement of $75,000.00. Despite numerous inquiries and requests for payment, Defendants refused to acknowledge, much less pay, Martin's demand.

17.   After settling with Hospice, a jury returned a verdict in the amount of $4,500,000.00. The portion of the verdict and judgment against Dr. William Causey will likely be on appeal shortly. In addition to the causes of action asserted for the non-payment of fees owed to Martin, Plaintiffs move the Court for declaratory relief pursuant to § 37.004 of the Civil Practice & Remedies Code as an actual and justiciable controversy exists between the parties as to its respective rights and obligations under the agreement. These matters are more fully articulated herein below.

### V.     Count 1 -- Breach of Contract

18.   Plaintiffs reallege all paragraphs as set forth fully herein. At all times material, relevant, and ancillary hereto, there was an offer, an acceptance, consideration, mutual assent, and capable parties fully constituting a valid contract in each and every respect. Plaintiffs fully performed their obligations under the agreement; and by assisting in the case as requested. However, despite demand for payment, Defendants refuse to pay past sums due and owing, which is a material breach of the agreement. All conditions precedent to Plaintiffs' right to recover have accrued, occurred, or been waived.

19.     As a result of Defendants' material breach of contract, Plaintiffs have been damaged and are entitled to recover. Plaintiffs are entitled to fees owed, attorneys' fees incurred in pursuing fees owed, reliance damages, expectation damages, benefit of the bargain damages, out of pocket expenses, and court costs.

### VI.     Count II -- Alternative Claims of Promissory Estoppel/Quantum Meruit

20.     Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Plaintiffs, in the alternative, plead that if this Court determines that there is no binding contract between the Plaintiffs and Defendants, Plaintiffs reasonably relied on Defendants' representations that it would be paid 10% of the actual recovery to its detriment. Such reasonable reliance is actionable in contract pursuant to the RESTATEMENT (SECOND) OF CONTRACTS § 90, known as promissory estoppel. Defendants' affirmative representations that the Plaintiffs would be paid 10% of the actual recovery was reasonably calculated to induce reliance; such representations and assurances did in fact induce reliance; Plaintiffs conferred a benefit; Plaintiffs had a legitimate expectation it would be paid; unjust enrichment would occur should promissory estoppel not apply; and the proximate cause of the Plaintiffs' damages were the Defendants' representations and false assurances.

21.     Plaintiffs, in the altnerative, plead that if this Court determines that there is no binding contract between the Plaintiffs and Defendants, that Plaintiffs should be permitted to recover under the theory of quantum meruit. Plaintiffs would show that (i) valuable legal services were provided to the Defendants and the parties' respective clients; (ii) that Defendants and the parties' respective clients accepted those legal services; (iii) and that Defendants were notified that the Plaintiffs expected to be paid for those services. Accordingly, unjust enrichment would result if an agreement is not enforced.

### VII. Count III -- Application for Declaratory Relief

22. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Plaintiffs would show there is an actual and justiciable controversy between the parties. Pursuant to § 37.004 of the Civil Practice & Remedies Code, this matter is ripe for determination not only with respect to the fee dispute on the settled claim, but also with respect to the rights and obligations of the parties on fees that have accrued subject to an anticipated appeal. Under § 37.004(b) of the Texas Civil Practice & Remedies Code, an agreement can be construed by the Court and declaratory relief granted before or after the breach. TEX. CIV. PRAC. & REM. CODE § 37.004(b) (Vernon Supp. 1986). Plaintiffs' jury demand sought herein does not apply to this action for declaratory relief. *See* FED. R. CIV. P. 38, 39.

### VIII. Count IV -- Breach of Fiduciary Duty

23. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Plaintiffs and Defendants joint ventured the Dilaudid litigation by agreement. Those engaged in a joint venture owe each other fiduciary duties, including the utmost good faith, loyalty, and scrupulous honesty. By failing to pay the Plaintiffs fees owed, Defendants have attempted to secretly profit and take advantage of the relationship, which has proximately caused damage to the Plaintiffs. Plaintiffs would show that Defendants owed a duty of good faith, honesty, and the highest standard of care. By failing to honor the agreement, Defendants have breached those duties, and the proximate cause of Plaintiffs' damages, is their failure to honor the agreement. Plaintiffs would further show that Defendants breached its duty of loyalty and candor to the Plaintiffs, upon which the Plaintiffs now sue.

### IX. Count V – Fraud and Fraudulent Inducement

24. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Defendants represented that the Plaintiffs would be paid 10% of the total recovery. It is clear that the Defendants never had any intention of paying the Plaintiffs those funds as promised. Plaintiffs would show that the Defendants committed fraud and fraudulently induced the Plaintiffs to provide legal services. Specifically, Plaintiffs would show that defendants made (1) a material misrepresentation, which was that the Plaintiffs would be compensated at 10% of the total recovery; (2) which was false; (3) which was known to be false when made or was made recklessly as a positive assertion without knowledge of its truth; (4) which was intended to be acted upon; (5) which was relied upon; and (6) which caused injury. But for the Defendants' misrepresentations, the Plaintiffs have been damaged.

### X. Count VI -- Punitive and Exemplary Damages

25. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. The Defendants' intentional breach of fiduciary duty and fraud are torts for which these Plaintiffs may recover punitive damages in accordance with §41.000, et. seq. of the Texas Civil Practice & Remedies Code. An intentional breach may be found where the fiduciary intends to gain an additional benefit for itself, as here. The Defendants, who owed Plaintiffs a fiduciary duty and the highest standard of trust and honesty, gained a benefit by breaching their fiduciary duty.

26. Plaintiffs would show that either (1) Defendants' acted with intent or knowledge to breach its fiduciary duty and/or commit fraud and thereby inflict substantial injury to Plaintiffs; or (2) Defendants' conduct, when viewed objectively from the standpoint of the Defendants at the time it occurred, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs, and the Defendants proceeded with conscious

indifference to the rights of the Plaintiffs. It is alleged that Defendants, by and through its agents, intentionally breached its fiduciary duty to the Plaintiffs; and that such breach was approved, authorized, and/or ratified by Defendants and therefore such acts were committed intentionally, recklessly, knowingly, and/or with malice.

### XI. Count VII – Attorneys' Fees under § 37.009 and/or § 38.002

27. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Defendants' breach of the aforementioned contract proximately caused Plaintiffs to incur reasonable and necessary attorneys' fees that are actionable under § 38.002 of the Texas Civil Practice & Remedies Code. Plaintiffs request attorneys' fees in preparation for trial, for time spent in trial, and an additur for further fees if the matter is appealed to the United States Court of Appeals for the Fifth Circuit. Plaintiffs further plead that a lodestar multiplier should apply to the award of attorneys' fees. If the Court does not award the Plaintiffs its attorneys' fees under § 38.002, Plaintiffs alternatively seek attorneys' fees that have been "equitable" and "just" under the declaratory judgment statute, as codified in § 37.009 of the Texas Civil Practice & Remedies Code. *Compare* TEX. CIV. PRAC. & REM. CODE § 38.002 (Vernon 1996) (attorneys' fees recoverable in a breach of contract action), *with*, TEX. CIV. PRAC. & REM. CODE § 37.009 (Vernon 1996) (Court has discretion to award just and equitable attorneys' fees to prevailing party under the declaratory judgment statute).

### XII. Actual and Special Damages

28. Plaintiffs incorporate all preceding paragraphs as set forth fully herein. Pursuant to the relevant portions of the Texas Finance Code, Plaintiffs plead for pre and post judgment interest at the maximum allowable rate. Plaintiffs have suffered actual damages, including reliance damages, benefit of the bargain damages, expectation damages, out of pocket expenses, and

consequential damages, and have incurred reasonable and necessary attorneys' fees. Plaintiffs plead for the recovery of its taxable court costs. Plaintiffs seek punitive damages, as set forth *supra*.

29.     Each of these acts and omissions of Defendants, singularly, collectively, and/or disjunctively were each and all a proximate cause of the damages sustained by the Plaintiffs.

### XIII.  Demand for Jury Trial under Federal Rules 38 & 39

30.     Plaintiffs demand a trial by jury. FED. R. CIV. P. 38, 39; *see also* U.S. CONST. AMEND. 7. In accordance with the Federal Rules, this jury demand is being filed with the Clerk of the United States District Court for the Northern District of Texas, Dallas Division, as required by FED. R. CIV. P. 5(d) and FED. R .CIV. P. 38(b). Plaintiffs demand a jury trial on all issues, *except* its request for declaratory relief under § 37.004 of the Civil Practice & Remedies Code.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be summoned to appear and answer herein and, that upon final trial, Plaintiffs have judgment against Defendants for its actual, special, consequential, and punitive damages proved, all of which are within the jurisdictional limits of this Court, costs of Court, declaratory relief, for pre-judgment and post judgment interest at the maximum legal rate; that Plaintiffs also be awarded its attorneys' fees, court costs, and expert fees; and that the Plaintiffs be granted all such other relief whether in law or in equity upon which it may show itself justly entitled.

Respectfully Submitted,

THE LAUTEN FIRM, P.C.

_____
BRIAN P. LAUTEN
State Bar No. 24031603
2626 Cole Avenue, Suite 150
Dallas, Texas 75204
214-720-0022 telephone
214-720-9191 facsimile

ATTORNEYS FOR PLAINTIFFS
BEN C. MARTIN AND LAW OFFICES
OF BEN C. MARTIN, LLP

### CERTIFICATE OF SERVICE

In accordance with Rule 5b of the Federal Rules of Civil Procedure, a true and correct copy of the foregoing instrument is being duly served upon all attorneys of record by way of electronic mail in the ECF filing system on this the ___ day of April, 2007.

_____
BRIAN P. LAUTEN
ATTORNEY FOR PLAINTIFFS