IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAW OFFICES OF BEN C. MARTIN LLP and BEN C. MARTIN Individually | ) ) ) ) | |
| v. | ) ) | 3-06-CV-1440-B |
| DENNIS C. SWEET III, P. AND ASSOCIATES, ET AL | ) ) ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the orders of the District Court referring Defendants' Motion to Strike the Expert Report of John Wiechman (Doc. 72) and Plaintiffs' Trial Brief in Support of Default Judgment for Spoliation of Evidence, etc. (Doc. 78) on March 18, 2008, a hearing was held at which the parties appeared through their counsel and the court heard the testimony of Mr. Wiechman. Based upon such testimony and the relevant pleadings and exhibits the magistrate judge finds and recommends as follows:

Plaintiffs have brought this action based on a dispute over the fee to which Mr. Martin and his firm are entitled as a result of a settlement and a verdict in a medical malpractice case filed in Jackson, Mississippi. Martin has claimed that following a conversation with Mr. Sweet regarding the fee arrangement, he, Martin, sent an e-mail via his Blackberry to Sweet confirming the terms of the fee arrangement sometime between May 29, 2006 and June 7, 2006. Sweet has denied that such a fee arrangement was agreed upon and denied ever receiving the e-mail which Martin claims to have sent. When a copy of the e-mail was sought in Martin's Rule 34 document request, the e-mail was not produced, because Sweet claimed no such document existed. Martin learned that no backup of his e-mails sent via his Blackberry was kept for more than thirty (30) days and he never

transferred the e-mail to another electronic medium.

On March 19, 2007, Plaintiffs filed a motion to compel a forensic examination of Mr. Sweet's computer (Doc. 37). This motion was referred to the undersigned, and following a hearing on July 2, 2007, counsel at the court's urging prepared an agreed order appointing John Wiechman to perform the inspection, which was filed on July 27, 2007 (Doc. 58). On August 17, 2007, Mr. Wiechman traveled to Jackson, Mississippi, and produced a forensic image of Sweet's computer's hard drive.

On or about October 12, 2007, Mr. Wiechman submitted an eleven (11) page report to counsel for the parties. *See* Exhibit 1 attached to Defendants' motion to strike. As noted in his report, the "search criteria were very specific," *Id.* at 7, and he reported that "No data relative to the search criteria specified by the court order was found to be currently residing on the hard drive reported to be Mr. Sweet's." *Id.* Summation, ¶ 1 at 9.

Although this statement discharged the search obligation set out in the July 27th order, the report continues with additional findings and observations derived from his examination of the hard drive. ¶¶ 2-5 at 9-10. It is with respect to these additional statements in the report, which go beyond the terms of the order, on which the parties join issue.

In his testimony Mr. Wiechman reiterated several of the circumstances described in his report which he considered to be unusual in the course of his examination of the hard drive. However, he did not testify that these factors establish that the alleged e-mail was deleted from the hard drive. The court did not receive any testimony from Mr. Sweet or others as to how or why these entries occurred or what changes or modifications were made. Specifically the court asked Mr. Wiechman if he was prepared as an expert to testify that Mr. Sweet or someone at his direction

intentionally destroyed an e-mail that was sent to him by Mr. Martin. He replied in the negative.

Insofar as Plaintiffs seek a default judgment based upon the absence of an e-mail from Mr. Martin on Mr. Sweet's computer, the facts fall far short of the bad faith showing which they must make to warrant this most extreme type of sanction. As a starting point, the party seeking application of the spoliation doctrine must show that the opposing party destroyed potentially relevant evidence. *See King v. Illinois Central Railroad,* 337 F.3d 550, 556 (5th Cir. 2003) citing *Vick v. Texas Employment Commission,* 514 F.2d 734, 737 (5th Cir. 1975). Unlike the facts in the relatively few cases in which spoliation sanctions were imposed based upon the uncontroverted fact that relevant records were destroyed, whether an e-mail as described by Mr. Martin was even sent to Sweet is itself a disputed fact, which by itself forecloses the granting of a default judgment. *See MGE OPS Systems, Inc. v. Fakouri Electrical Engineering, Inc.,* 422 F.Supp.2d 724, 741-42 (N.D.Tex. 2006).

It frankly follows that the absence of evidence showing "bad faith" or "bad conduct" precludes the drawing of an adverse inference. *See Condrey v. Suntrust Bank of Georgia,* 431 F.3d 191, 203 (5th Cir. 2005) citing *King v. Illinois Central Railroad, supra.*[1]

Finally, since it appears that John Wiechman may have failed to comply with the court's order that he report his findings to counsel within seven days, but *more particularly* because most of the contents of his report are beyond the scope of his duties as a neutral expert and are irrelevant to any issues in the case, his report should be stricken.

**RECOMMENDATION**:

---

[1] The substantive law of Texas on the giving of a spoliation instruction closely parallels the federal law requirement that bad faith be shown. *See Wal-Mart Stores, Inc. v. Monroe,* 106 S.W.3d 718 (Tex. 2003).

For the foregoing reasons it is recommended that the District Court order that Defendants' Motion to Strike the Expert Report of John Wiechman be granted in part by striking pages 9 and 10 of his report signed on October 12, 2007, except for ¶ 1 of the Summation, and

It is further recommended that the District Court enter its order denying Plaintiffs' trial brief request that a default judgment in their favor be entered and denying, in the alternative, their request for application of an adverse inference based on their spoliation assertion.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 19th day of March, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.