IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAW OFFICES OF BEN C. MARTIN LLP and BEN C. MARTIN Individually | ) ) ) ) | |
| v. | ) ) ) | 3-06-CV-1440-B |
| DENNIS C. SWEET III, P. AND ASSOCIATES, ET AL | ) ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the order of the District Court order filed on April 8, 2008, Plaintiff's Objections to the Recommendation of the Magistrate Judge, etc. (Doc. 116) have been referred to the undersigned for recommendation, and the magistrate judge finds and recommends as follows:

At issue is the "Report and Recommendation of the United States Magistrate Judge" (Doc. 115) which addressed Defendants' Motion to Strike the Expert Report of John Wiechman (Doc. 72) and Plaintiffs' Trial Brief in Support of Default Judgment for Spoliation of Evidence, etc. (Doc. 78).

In the recommendation filed on March 19, 2008, it was noted that an agreed order was filed on July 27, 2007, in which this court ordered Dennis Sweet to produce his computer for a forensic examination to allow John Wiechman, as a neutral expert, to determine whether it contained an e-mail sent from Ben Martin to Sweet. The order gave a specific period of time that the search was to cover (Doc. 58).[1]

Despite the terms of the order and Mr. Wiechman's apparent understanding of his assigned

---

[1]The statements contained in the parties' pleadings make clear that Martin does not have a copy of the e-mail which he claims to have sent. Sweet claims that he never saw any e-mail which has contents like those described by Martin. Their agreement to have Sweet's computer searched was reached at the court's urging in an effort to resolve once and for all if such an e-mail was ever received.

task, *See* Plaintiffs' Appendix at 16, *Narration:* first and second paragraphs, his findings, *Id.* at 18-19, go well beyond the scope of his responsibility as a neutral expert.[2] Paragraphs 2, 3, 4 and 5 of the summation in his eleven page report, Appendix at 18-19, posit questions about the integrity of the hard drive at the time of his examination on August 17, 2007. These observations are not those of a neutral expert retained by the parties to answer a specific, finite question.

As reflected in my report of March 19, 2008, Wiechman was not prepared on March 18, 2008, to testify as an expert that Dennis Sweet or someone at his direction intentionally destroyed an e-mail sent by Mr. Martin (Report at 2-3). In my opinion there is no need for clarification of my prior report. However, it appears that Plaintiffs now wish to reopen discovery to lay a predicate for a claim of willful destruction of an e-mail, which was apparently not of sufficient concern to Mr. Martin at the time to take steps to preserve it in a medium other than on his Blackberry. I question whether further discovery on this issue is appropriate since it is highly questionable as to whether such appears reasonably calculated to lead to the discovery of admissible evidence. Although his report appears to raise questions in his own mind as to whether there has been some "tampering" with Mr. Sweet's computer, Wiechman was unable to express an expert opinion regarding intentional destruction. Further, assuming *arguendo* that Martin sent an e-mail whose contents were as he has described, if it were never read or equally important, if it were never responded to, can such a circumstance satisfy the "meeting of minds" sufficient to establish terms of a contract. Also, since the computer is maintained by a lawyer there is the risk that repeated examination of its

---

[2]In addressing the single issue which he was to address upon completion of his computer search, Wiechman reported "No data relative to the search criteria specified by the Court Order was found to be currently residing on the hard drive reported to be Mr. Sweet's." *Id.* at 18, *Summation:* ¶ 1.

contents will result in inadvertent disclosures of attorney-client privileged materials of his firm's clients.

Finally, it is self-evident from the contents of Wiechman's report that he overstepped the parameters of a neutral expert in reporting on a single question as set out in the court's order of July 27, 2007. While it may not be inappropriate for a neutral expert to communicate *ex parte* with parties and witnesses in obtaining information for a report, when an expert acts on behalf of an interested part the protocol for obtaining relevant information is substantially different. Therefore, I believe that my prior recommendation filed on March 19, 2008, striking most of Wiechman's report is correct, but in the event that the District Court finds that the period of discovery should be reopened, I would further recommend that each side be required to hire its own experts to conduct testing and render opinions.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 10th day of April, 2008.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE